**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **METALS, INC.,** ) | **CASE NO.1:15CV2628** | |
| ) | | |
| **Plaintiff,** ) | **JUDGE CHRISTOPHER A. BOYKO** | |
| ) | | |
| Vs. ) | | |
| ) | | |
| **CENTRAL TRANSPORT, INC.,** ) | **OPINION AND ORDER** | |
| ) | | |
| **Defendant.** ) | | |

**CHRISTOPHER A. BOYKO, J:**

      This matter is before the Court on Defendant Central Transport, Inc.'s Motion for Summary Judgment. (ECF # 21). For the following reasons, the Court grants the Motion and dismisses the above-captioned case without prejudice, subject to refiling.

      On December 17, 2015, Plaintiff filed its Complaint alleging one count of Damage to Property for damage to its concrete when Defendant's truck hit a rock and leaked oil on Plaintiff's loading dock driveway.

      On August 18, 2016, Defendant filed its Motion for Summary Judgment, contending that Plaintiff's Complaint fails to state a claim because it fails to state a valid cause of action, location of the loss or date of the loss.

Plaintiff failed to timely oppose the Motion.  Instead, on October 13, 2016, Plaintiff filed a Motion for Extension of Time to Respond to Defendant's Motion for Summary Judgment.  According to Plaintiff, it did not receive a copy of the Motion until October 3, 2016 because Plaintiff's counsel moved his office.  The Court ordered Plaintiff to file its Opposition no later than November 16, 2016.  Plaintiff filed its Opposition brief on November 14, 2016.  In its four paragraph Opposition brief, Plaintiff asserts its Complaint does state a location, cause of action and date of loss.  According to Plaintiff, "Count One of Plaintiffs' (sic) complaint specifies that on August 14, 2015, at or around 3:00 PM an employee of the Defendants' (sic) came to Plaintiffs' (sic) company to pick up a shipment.  Through the negligence of the employee, permanent damage was done to the driveway of the Plaintiffs' (sic)."  Plaintiff cites the Court to paragraph 3 of his Complaint.

The only problem with Plaintiff's recitation of the claims in his Complaint is that it does not reflect the actual allegations.   The actual wording of Plaintiff's Complaint reads as follows:

> On August 14th at or around three in the afternoon Central Transport driver
> James Evans came to pick up a shipment. The driver struck a rock, damaging the
> trucks oil pan, which led to large amounts of oil spilling onto the concrete.
> Permanent damage was done to a significant portion of the driveway, only means
> to correcting the damage was removal of the old concrete driveway and paving of
> a new concrete drive.

Conspicuously absent are the year of the spill and the cause of action.  Contrary to what Plaintiff says in his Opposition brief, the Complaint does not specify that the injury occurred in 2015 and does not allege that the spill occurred due to the driver's negligence.

Defendant captions its Motion as a Motion for Summary Judgment but the Motion relies entirely upon the alleged insufficiencies in Plaintiff's Complaint and does not assert there are no

genuine issues of fact.  Therefore, the Court deems the Motion as a Motion for Judgment on the Pleadings under Federal Rule of Civ. P. 12(c).

After the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings.  Fed.R.C.iv.P. 12(c).  In this jurisdiction, "[t]he standard of review for a judgment on the pleadings is the same as that for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) . . . . We 'construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief.'"  *Roger Miller Music, Inc. v. Sony/ATV Publishing, LLC,* 477 F.3d 383, 389 (6th Cir.2007) (citations omitted).  The court's decision "rests primarily upon the allegations of the complaint;" however, "'exhibits attached to the complaint[] also may be taken into account.'"  *Barany-Snyder v Weiner,* 539 F.3d 327, 332 (6th Cir.2008) (citation omitted) (brackets in the original).  Lastly, a Rule 12(c) motion "is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law."  *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir.1991).

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).  The court need not, however, accept conclusions of law as true:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  As the Court held in [*Bell Atlantic v.*] *Twombly*, 550 U.S. 544, 127 S. Ct. 1955 [(2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-Defendant-unlawfully-harmed-me accusation.  *Id.* at 555.  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  *Id.* at 555.  Nor does a complaint suffice if it tenders

"naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a Defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a Defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557.

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

According to the Sixth Circuit, the standard described in *Twombly* and *Iqbal* "obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 541 (6th Cir. 2007) (quoting *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2nd Cir. 2007)). That is, "*Iqbal* interpreted *Twombly* to require more concrete allegations only in those instances in which the complaint, on its face, does not otherwise set forth a plausible claim for relief." *Weisbarth*, 499 F.3d at 542. A complaint should be dismissed when it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Simply put, Plaintiff's Complaint lacks critical facts establishing its claim and more importantly fails to state a cause of action. Without such facts and a cause of action, Defendant and the Court are left to speculate on when the action occurred and what cause of action is asserted. Present Supreme Court precedent prohibits just such bare bones pleading.

Therefore, for the foregoing reasons, the Court grants Defendant's Motion and dismisses Plaintiff's Complaint for failure to state a claim upon which relief may be granted. This dismissal is without prejudice subject to refiling a complaint asserting a recognizable cause of

action supported with sufficient facts.

      IT IS SO ORDERED.

                                                s/ Christopher A. Boyko
                                                CHRISTOPHER A. BOYKO
                                                United States District Judge

Dated: March 10, 2017